Thomas HUGHES, Plaintiff,

v.

Louis J. FRANK, Commissioner of Police of the Nassau County Police Department, and the Nassau County Police Department, Defendants.

No. 75 C 1983.

United States District Court, E. D. New York.

June 2, 1976.

Hartman & Alpert by Allen R. Morganstern, Mineola, N. Y., for plaintiff.

James M. Catterson, Jr., County Atty., Nassau County, by James N. Gallagher, Deputy County Atty., Mineola, N. Y., for defendants.

## MEMORANDUM AND ORDER

NEAHER, District Judge.

Plaintiff Thomas Hughes, a police officer employed by the Nassau County Police Department, brought this action under the Civil Rights Act, 42 U.S.C. § 1981, *et seq.,* and Section 9 of the Military Selective Service Act of 1967, 50 U.S.C. App. § 459, seeking a declaration that Article VI, Rule 15 of the Rules and Regulations of the Nassau County Police Department ("Rule 15") is unconstitutional. He claims that Rule 15 denies him the equal protection of the laws by arbitrarily barring him from membership in a federal military reserve organization. Defendants have moved to dismiss the complaint for lack of subject matter jurisdiction and failure to state a claim upon which relief may be granted. F.R.Civ.P. 12(b)(1) and (6).

The complaint alleges that prior to his police employment, plaintiff completed a four-year tour of active duty with the United States Navy, received an honorable discharge and satisfactorily fulfilled a period of time in the inactive reserves. He now desires to join an authorized Naval Reserve Unit and has requested defendants' approval to affiliate. His request has been refused based on defendants' interpretation of Rule 15, which provides:

A member of the Force or Department is prohibited from affiliating with any organization or body, the constitution or regulations of which would in any way exact prior consideration, and prevent him from performing his departmental

duties; and he shall immediately advise the Commissioner of Police of any change in his classification in relation to Selective Service, or status concerning his membership in any Federal or State military organization or reserve program.

Plaintiff further alleges defendants advised him, at the time of his request, that their policy under the Rule was to limit the number of police officers in the reserves to 100, that the quota already had been met, and that plaintiff would have to wait his turn. No allegation has been made that defendants' refusal of permission was activated by any personal or class-based discriminatory animus.

The Police Commissioner's affidavit in support of the motion to dismiss states that the purpose of Rule 15 is to secure the performance of the police force's primary obligation, service to the citizens of Nassau County. The Police Commissioner avers that the County incurs a substantial loss of services as a result of the time each reservist spends on reserve duty. A reservist is entitled to military leave, with pay, for up to 30 days each year. Even with the present quota of 100, it is calculated, Nassau County loses 3,000 man days of police services per year, equivalent to a reduction of the force by 15 men, at a yearly cost of $400,000. Defendants also emphasize the County's tight fiscal situation by pointing out that a hiring freeze currently is in effect and no temporary officers can be hired to fill the gap.

Plaintiff challenges these economic considerations asserting that the present loss in manpower is statistically insignificant when compared with the total police personnel, over 3,800 officers. Plaintiff also contrasts other known losses in police manpower not so circumscribed, e. g., days off for donating blood, not using sick leave and receiving meritorious commendations, and concludes that no rational basis for the Rule has been shown.

The controlling question here, however, is not whether the police department can afford to let plaintiff join the Naval Reserve but whether it is constitutionally obliged to do so. The answer to that question turns upon whether Rule 15 amounts to an arbitrary restriction upon a fundamental right of plaintiff as a public employee, see *Shapiro v. Thompson,* 394 U.S. 618, 89 S.Ct. 1322, 22 L.Ed.2d 600 (1968), or has a rational relation to a valid State objective, see *McGowan v. Maryland,* 366 U.S. 420, 81 S.Ct. 1101, 6 L.Ed.2d 393 (1960).

Rule 15 is not free from ambiguity on its face with respect to a prohibition on "membership in any Federal or State military organization or reserve program," especially in view of the acknowledged permissible quota of officers who may participate in such a program. Nor does the Rule expressly confer the quota power exercised. There is no dispute, however, that defendants interpret the Rule to mean, first, that before a police officer may join a military reserve unit, he must obtain the permission of the police commissioner. An officer's affiliation without such approval could result in charges being brought against him for violating police department rules and regulations. The Police Commissioner, secondly, interprets the Rule to give him the authority to impose a quota on the number of police officers entitled to serve in the military reserves at any one time. Accordingly, the constitutionality of the Rule must be judged by the manner in which it is applied. See *Broadrick v. Oklahoma,* 413 U.S. 601, 617–18, 93 S.Ct. 2908, 37 L.Ed.2d 830 (1973); *Law Students Research Council v. Wadmond,* 401 U.S. 154, 162–63, 91 S.Ct. 720, 27 L.Ed.2d 749 (1971); *Schwartz v. Romnes,* 495 F.2d 844, 852 (2 Cir. 1974).

Plaintiff here is basically seeking to hold his police employment while demanding the right to be free of a regulation that prevents his participation in activities which conflict with the performance of his police obligations. It would appear to be undeniable, as defendants contend, that the County's interest in maintaining an adequately staffed police force to insure the public safety and enforcement of the laws overrides any interest an individual police officer may have in joining the reserves. The

Commissioner's concern over loss of manpower due to the number of enlistments in the military reserves is clearly legitimate and the quota system established to deal with the problem cannot be considered irrational or arbitrary. Nor can it be said that the Commissioner exercises standardless discretion in permitting or refusing affiliation with a reserve unit, his power being limited, as it is, to implementing the quota system. That system, moreover, is manifestly a reasonable accommodation between the County's interest in conserving its police manpower and the national interest in training military reservists for possible defense needs.

Plaintiff's challenge to Rule 15 rests upon an assumption the court cannot accept. As one federal court recently put it, "[c]ourts have never seen fit to declare that the right to seek employment, unfettered by government regulation, is fundamental, and in fact, courts have consistently refused to employ this strict compelling interest standard for purely economic matters." *Habron v. Epstein,* 412 F.Supp. 256, 44 U.S. L.W. 2517 (D.Md.1976) (three-judge court). Public employees such as plaintiff cannot expect "that the claim of a member of a uniformed civilian service based on the 'liberty' interest protected by the Fourteenth Amendment must necessarily be treated for constitutional purposes the same as a similar claim by a member of the general public." *Kelley v. Johnson,* 425 U.S. 238, 96 S.Ct. 1440, 1446, 47 L.Ed.2d 708 (1976). On the undisputed facts before the court, it is plain that plaintiff will be unable to demonstrate "that there is no rational connection between the regulation, based as it is upon [defendant's] method of organizing its police force, and the promotion of safety of persons and property." *Id.* at 247, 96 S.Ct. at 1446.

The court having considered the affidavits of the parties on defendants' motion, summary judgment is granted dismissing the complaint. Rule 12(c), F.R.Civ.P.[1]

SO ORDERED.

The Clerk of the Court is directed to enter judgment in favor of the defendants and against the plaintiff dismissing the complaint.

---

1. Plaintiff's claim of denial of equal protection of the laws in violation of the civil rights statute, 42 U.S.C. § 1981, *et seq.,* is sufficient to invoke federal jurisdiction under 28 U.S.C. § 1343, in this action for declaratory relief. See *Wood v. Strickland,* 420 U.S. 308, 95 S.Ct. 992 (1975). See also *Kurlan v. Callaway,* 510 F.2d 274, 43 L.Ed.2d 214 (2 Cir. 1974).